IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDI BOSTOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4520-L-BN |
| | § | |
| TEXAS WORKFORCE COMMISSION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Jordi Bostock, appearing *pro se*, against the Texas Workforce Commission ("TWC"). On November 12, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 5. Because the information provided by Plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. The undersigned magistrate judge served written interrogatories on Plaintiff in

order to obtain additional information the factual basis of her suit. *See* Dkt. No. 7. Plaintiff answered the interrogatories on November 26, 2013. *See* Dkt. No. 8.

In her complaint and interrogatory responses, Plaintiff alleges that she was improperly denied unemployment insurance benefits based upon a false allegation of fraud. *See* Dkt. No. 3 at 1; Dkt. No. 8 at Question 1. She claims that she was treated unfairly in her hearing before the Appeal Tribunal and seeks to have the TWC's findings overturned and to recover $6,000 in unpaid unemployment benefits. *See* Dkt. No. 8 at Question 2.

The undersigned concludes that Plaintiff seeks monetary relief against a defendant who is immune from such relief and that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

Plaintiff complains that she was misled by a representative of the TWC into making statements that would prevent her from receiving unemployment benefits. *See* Dkt. No. 3 at 1; Dkt. No. 8 at Question 1. Based on her coerced responses, she was denied benefits. *See id.* She was then allegedly mistreated in her hearing before the Appeal Tribunal, where she was not informed that her supporting documents must be

notarized, she was asked leading questions, and the Tribunal hearing resulted in an improper decision to uphold the denial of benefits. *See id.*

The TWC, an arm or instrumentality of the State of Texas, cannot be sued for money damages in federal court absent a waiver of Eleventh Amendment immunity. *See Jones v. Performance Serv. Integrity*, 492 F. Supp. 2d 590, 597 (N.D. Tex. 2007) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989)) (holding that the TWC is a state agency entitled to Eleventh Amendment immunity). Although Texas has waived immunity for certain tort claims, *see* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021 & 104.002, a federal lawsuit that seeks judicial review of the denial of unemployment compensation is generally barred by Eleventh Amendment immunity, *see Beene v. Aramark Healthcare Support Servs., Inc.,* No. 4:06-cv-466-Y*,* 2007 WL 1468705, at *3 (N.D. Tex. May 17, 2007) ("There is nothing in the Texas statutory scheme that clearly indicates that Texas has waived its immunity from suit in federal court"); *see also Daigle v. Gulf State Utils. Co.,* 794 F.2d 974, 980 (5th Cir. 1986) (holding suit against Texas Employment Commission, predecessor to TWC, for judicial review of denial of unemployment compensation barred by Eleventh Amendment). To the contrary, the State of Texas has given limited consent to be sued in state court in suits seeking review of the TWC's decisions under the Texas Unemployment Compensation Act, TEX. LAB. CODE § 201.001 *et seq.*

In limited circumstances, courts have recognized the possibility of federal jurisdiction in cases in which a litigant sought to challenge the denial of unemployment benefits by the TWC and included claims against a federal defendant or included

federal causes of action. *See, e.g.*, *Colon v. Texas Workforce Comm'n*, No. SA-09-CV-0879-OG-NN, 2010 WL 4269616, at *2 (W.D. Tex. Oct. 28, 2010), *rec. adopted* (W.D. Tex. Nov. 30, 2010) (dismissing action seeking judicial review of denial of unemployment benefits despite fact that federal employer was necessary party); *see also Dimitric v. Texas Workforce Comm'n*, No. G-07-0247, 2008 WL 687463, at *6 (W.D. Tex. Mar. 11, 2008) (denying plaintiff's motion to remand lawsuit challenging Appeal Tribunal decision in case removed by defendants due to federal questions raised in complaint). However, Plaintiff has only named the TWC as a defendant. *See* Dkt. No. 3 at 1-2; Dkt. No. 8 at Questions 1(d) & 3(a). She does not name any federal defendant or raise a federal cause of action. Even if Plaintiff's former employer was a federal entity – which does not appear to be the case and which Plaintiff has not alleged – this action only involves questions of state law for which Plaintiff has provided no basis for this Court to exercise original jurisdiction. *See Colon*, 2010 WL 4269616, at *2. Thus, the undersigned concludes that the Eleventh Amendment precludes Plaintiff's suit against the TWC. *See Beene*, 2007 WL 1468705, at *3.

Accordingly, Plaintiff's complaint should be summarily dismissed.

**Recommendation**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE